UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEREK JOSEPH BAILEY,

        Petitioner,

                        CASE NO. 2:19-CV-154

v.

                        HON. ROBERT J. JONKER

JACK KOWALSKI,

        Respondent.
_____/

## ORDER REGARDING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 5) and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 9). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 Wright, Miller, & Marcus, *Federal Practice and Procedure* § 3070.2, at 381 (2 ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's Objections. The Magistrate Judge recommends denying Petitioner's habeas petition as untimely filed. Petitioner objects that he is entitled to equitable tolling due to a state impediment. Ultimately, the tolling issue is beside the point, because even if timely filed and properly exhausted, Petitioner's petition would fail on the merits.

Petitioner claims three grounds for relief. First, Petitioner contends that he was denied a fair trial due to the admission of unduly prejudicial evidence of prior bad acts (ECF No. 1, PageID.5). This claim does not support a grant of habeas corpus relief. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552 (6th Cir. 2000).

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently. The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court

2

on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). There is no clearly established Supreme Court precedent that holds that a state court violates the Due Process Clause by permitting propensity evidence in the form of other bad acts evidence. In *Estelle v. McGuire*, the Supreme Court declined to hold that the admission of prior acts evidence violated due process. *Estelle*, 502 U.S. at 75. The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Id.* at 75 n.5. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. The Sixth Circuit has found that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Because there was no constitutional violation in the admission of evidence (bad acts), the state court decision was "far from" an unreasonable determination of the facts in light of the evidence presented. *Clark v. O'Dea*, 257 F.3d 498, 502 (6th Cir. 2001); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Petitioner's second ground asserts a constitutional violation based on improper vouching by the prosecution. The federal courts have generally recognized two types of objectionable vouching. *See Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008); *Brown v. McKee*, 231 F. App'x 469, 478 (6th Cir. 2007) (citing *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999)); *but see Wogenstahl v. Mitchell*, 668 F.3d 307, 328-29 (6th Cir. 2012) (treating the two aspects of

3

vouching as part of a single standard). The first type impermissibly places the government's prestige behind the witness to bolster the witness' credibility. *Francis*, 170 F.3d at 550; *United States v. Carroll*, 26 F.3d 1380, 1388-89 (6th Cir. 1994); *Drew v. Collins*, 964 F.2d 411, 419 (5th Cir. 1992). In the second type of impermissible vouching, also known as bolstering, the prosecutor invites the jury to believe that there is other evidence, known to the prosecutor but not introduced into evidence, justifying the prosecutor's belief in the defendant's guilt. *See Francis*, 170 F.3d at 551; *United States v. Medlin*, 353 F.2d 789, 796 (6th Cir. 1965); *Henderson v. United States*, 218 F.2d 14, 19 (6th Cir. 1955).[1]

Petitioner's claim does not meet the high standard to establish a due process violation through improper vouching for a witness. Plaintiff asserts that "the prosecution bolstered its star witness and vouched for her credibility." (ECF No. 1, PageID.10.) The Michigan Court of Appeals ruled explicitly that the prosecutor did not engage in improper vouching. *People of the State of Michigan v. Bailey*, No. 3329894, pp. 5-6 (Mich. App. Nov. 28, 2017) (unpublished).[2] The court explained that

> Here, the prosecutor did not suggest that she had some special knowledge that DT was testifying truthfully. Rather, in a case that saw the presentation of conflicting testimony in what was ultimately a credibility contest, the prosecutor commented on DT's credibility, and defendant's lack thereof, maintaining that DT was worthy of belief and defendant was

---

[1] The Court observes that, notwithstanding the Sixth Circuit's continuing application of its own precedent on vouching, *see Wogenstahl*, 668 F.3d at 328-29 (citing *Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008)), the Supreme Court has not directly held that vouching amounts to prosecutorial misconduct. Given the Supreme Court's recent admonitions to the courts regarding the limits of clearly established general principles, it is doubtful that vouching has been clearly established by the Supreme Court as a due process violation. *See Parker*, 567 U.S. at 49 ("The highly generalized standard for evaluating claims of prosecutorial misconduct set forth in *Darden* bears scant resemblance to the elaborate, multistep test employed by the Sixth Circuit here."); *see also Lopez v, Smith*, 574 U.S. 1, 7 (2014) (holding, with respect to a claim of self-representation, that "[c]ircuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.'") (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *White*, 572 U.S. at 425-27 (same).

[2] The Court of Appeals decision is publicly available through the website of the State of Michigan Court of Appeals, http://publicdocs.courts.mi.gov/opinions/final/coa/20171128_c332984_56_332984.opn.pdf, last visited August 6, 2020.

> not *in light of various pieces of evidence admitted during the trial and the circumstances that they reflected.*

*Id.* (emphasis in original). It is appropriate for prosecutor to invite the jury to examine the testimony they have heard at trial, draw reasonable inferences, and examine the motives witnesses may have for lying. *See Cantrell v. Gray*, No. 84-3686, 1986 WL 16540, at *3 (6th Cir. Feb. 7, 1986); *see also United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir. 1996); *Rodriguez v. Peters*, 63 F.3d 546, 564 (7th Cir. 1995); *Kappos v. Hanks*, 54 F.3d 365, 368 (7th Cir. 1995).

Moreover, the AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). The court of appeals' factual findings regarding the nature of the prosecutor's comments on the credibility of the victim are entitled to the presumption of correctness. Petitioner's conclusory statement that those comments were impermissible vouching do not suffice to overcome the presumption. Therefore, Petitioner has failed to demonstrate that the appellate court's rejection of his vouching claim is contrary to, or an unreasonable application of, clearly established federal law, and he is not entitled to habeas relief on the claim.

Petitioner's third ground posits that the trial court erred by refusing to admit "evidence of pieces of pornography found on Complainant's iPhone" based on Michigan's Rape Shield statute. (ECF No. 1, PageID.11, 12). This claim likewise fails. The Constitution protects a defendant's right to cross-examine his accusers. *Davis v. Alaska*, 415 U.S. 3-8, 316-317 (1974). But the

5

Confrontation Clause does not guarantee cross-examination "'in whatever way, and to whatever extent, the defense might wish.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). States may place reasonable limits on the scope of cross-examination. Clearly established federal law supports the conclusion that Michigan's Rape Shield law is just such a reasonable limit. *Batey v. Haas*, 573 F. App'x 590 (6th Cir. 2014); *Gagne v. Booker*, 680 F.3d 493 (6th Cir. 2012).

In Petitioner's underlying case, the court of appeals rejected defendant's argument that evidence of pornography on a victim's phone fell outside the scope of Michigan's Rape Shield statute. (*Bailey*, No. 3329894, at p. 6). To prevail, Petitioner must show that the state appellate court's determination was contrary to, or an unreasonable application of, clearly established federal law. He has failed to meet that standard. As in *Gagne*,

> The Michigan Court of Appeals accepted that the State has a legitimate interest under its Rape Shield Law in excluding evidence, and considered the probity of the evidence as a measure of [the defendant's] interest in admitting it. The United States Supreme Court has never held that rape-shield statutes do not represent a legitimate state interest, nor has it ever held that highly probative evidence will necessarily outweigh that interest. Quite to the contrary, the Court [has] held that the trial court must balance the state's interest against the defendant's interest on a case-by-case basis, and neither interest is superior per se. And the Court [has] concluded that a trial court may even 'exclude competent, reliable evidence … central to the defendant's claim of innocence,' so long as there exists a 'valid state justification.' The Michigan Court of Appeals properly weighed the competing interests, as Supreme Court precedent requires, and did not misidentify or misapply any clearly established federal law.

*Gagne*, 680 F.3d at 516 (citing *Michigan v. Lucas*, 111 S. Ct. 1743 (1991); quoting *Major Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). Petitioner is not entitled to habeas relief on the claim.

For these reasons, the Court finds that Petitioner's petition must be dismissed.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability.

6

FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of the claims Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 5) as amplified by this Order, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.

Dated:   August 12, 2020                    /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE